IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: KENEKA M. GARRISON,<br>Debtor | CASE NO. 19-50433-KMS<br>CHAPTER 7 |
| KIMBERLY R. LENTZ, as Chapter 7 Trustee for<br>The Bankruptcy Estate of Keneka M. Garrison,<br>Debtor | PLAINTIFF |
| v. | ADV. PROC. NO. 19-xxxxx-KMS |
| THE LAW OFFICES OF ROBERT S. GITMEID &<br>ASSOCIATES, PLLC, and ROBERT S. GITMEID | DEFENDANTS |

## COMPLAINT

COMES NOW Plaintiff, Kimberly R. Lentz, Chapter 7 Trustee for the Bankruptcy Estate of Keneka M. Garrison, (hereinafter the "Trustee") by and through her attorney and files this complaint, individually and collectively against the Defendants, the Law Offices of Robert S. Gitmeid & Associates, PLLC, ("Robert S. Gitmeid & Associates"), and Robert S. Gitmeid, individually, and collectively hereinafter referred to as ("Defendants") and in support thereof would respectfully show unto the Court the following:

### JURISDICTION & VENUE

1. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of the Debtor in that case.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b) of Title 28 of the United States Code.

3. Venue lies in this District pursuant to Section 1409(a) of Title 28 of the United States Code.

4.      This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.  The Trustee brings claims to enforce the Bankruptcy Code, for the recovery of money/property and accounting.

## PARTIES

5.      The Trustee or Plaintiff is the Chapter 7 Trustee for the above styled and numbered Chapter 7 proceeding and Estate.

6.      Robert S. Gitmeid & Associates is a professional service limited liability company organized under the laws of New York.  Robert S. Gitmeid & Associates claims to be a law firm providing legal services and debt relief services to Mississippians.  Robert S. Gitmeid & Associates' principal place of business is 11 Broadway, Suite 960, New York, NY 10004.  Robert S. Gitmeid & Associates may be served upon its registered agent for service of process, Business Filings International, Inc., 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 or upon Robert S. Gitmeid, 11 Broadway, Suite 1677, Suite 960, New York, NY 10004.

7.      Robert S. Gitmeid is the managing attorney at Robert S. Gitmeid & Associates.  Robert S. Gitmeid has managerial responsibility for Robert S. Gitmeid & Associates and materially participates in the conduct of its affairs.  Robert S. Gitmeid provided substantial assistance and encouragement to Robert S. Gitmeid and Associates.  Robert S. Gitmeid may be served at 11 Broadway, Suite 1677, Suite 960, New York, NY 10004.

## GENERAL ALLEGATIONS

8.      Robert S. Gitmeid & Associates provides debt relief services to hundreds if not thousands of Mississippians.

9.      Robert S. Gitmeid created Robert S. Gitmeid & Associates and materially participates in the conduct of its affairs in Mississippi.

10.     Robert S. Gitmeid & Associates advertises its services as an alternative to bankruptcy that reduces debts and improves credit.

11.     In actuality, Robert S. Gitmeid & Associates siphons money away from struggling consumer, creditors and bankruptcy estates. These actions violate multiple state and federal laws.

12.     Congress has sought to protect consumers from these practices by passing laws like the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the Telemarketing and Consumer Fraud and Abuse Prevention Act and the Credit Repair Organizations Act.

13.     Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) to correct perceived abuses of the bankruptcy system.

14.     Congress enacted Telemarketing and Consumer Fraud and Abuse Prevention Act (15 U.S.C § 6101 *et seq*.) to protect consumers from deceptive and abusive practices by telemarketers.

15.     Congress enacted Credit Repair Organizations Act ("CROA") to protect consumers' "vital interest in establishing and maintaining their credit worthiness and credit standing" and guard against "[c]ertain advertising and business practices of some companies engaged in the business of credit repair services" that "have worked a financial hardship upon consumers." 15 U.S.C. § 1679(a).

## FACTS

*Facts specific to Keneka Garrison*

16.     In March of 2018, Keneka Garrison ("Keneka") was struggling with debt. Keneka did not want to file for bankruptcy.

17. Keneka and her husband, Nick, saw an advertisement on the internet for debt relief. Nick called the number and communicated with a representative who told the Garrisons the debt relief program would resolve the debts and improve Keneka's credit score.

18. The representative explained that enrolling the debts into their program would increase Keneka's credit score because enrollment showed Keneka's creditors she was doing something to address her debts.

19. Based on the representations that the program would resolve Keneka's debts and improve her credit, Keneka enrolled into the program.

20. Shortly thereafter, Keneka received a client success kit from Robert S. Gitmeid & Associates.

21. The client success kit congratulates Keneka on taking the first step towards a debt-free future. Exhibit 1.

22. The client success kit describes Robert S. Gitmeid & Associates as a "consumer's law firm, and our practice is wholly dedicated to representing clients facing legal challenges from their creditors." Exhibit 1.

23. In the client success kit, Robert S. Gitmeid & Associates claims, "Over the years, our law firm has earned the confidence of our clients by breaking through the challenges posed by creditors and acquiring measured success." Exhibit 1.

24. Robert S. Gitmeid & Associates then stated, "We look forward to being your guide as we navigate around the legal obstacles presented by your creditors and steer you back to the tranquil waters of financial stability and peace of mind." Exhibit 1.

25. Robert S. Gitmeid & Associates purported to provide legal services and debt relief services to Keneka.

4

*26.*     Robert S. Gitmeid & Associates convinced Keneka to place $414 each month into a savings account.  This account accumulated Keneka's monthly payments and allowed Robert S. Gitmeid & Associates to deduct its fees.

27.     Robert S. Gitmeid & Associates had a fiduciary duty to protect Keneka's money in the savings account.

28.     Robert S. Gitmeid & Associates did not place Keneka's money into an attorney trust account.

29.     Keneka was charged $12.00 each month by Robert S. Gitmeid & Associates.  Exhibit 2.

30.     Keneka was charged $2,987.75 on January 2, 2019 by Robert S. Gitmeid & Associates. Exhibit 2.

31.     Keneka was charged $1.50 for a "Phone Pay Fee" on December 31, 2018 and February 4, 2019 by Robert S. Gitmeid & Associates. Exhibit 2.

32.     Keneka did not make any payments by way of a "phone".

33.     In the client success kit, Robert S. Gitmeid & Associates implored Keneka to be aware of the "extremely time sensitive" nature of settlement offers.  Exhibit 3.

34.     Robert S. Gitmeid & Associates states, "A delay of 24 hours can result in the loss of a great offer…."  Exhibit 3.

35.     Ironically, Robert S. Gitmeid & Associates did not believe timely payments to Keneka's creditors was extremely time sensitive.[1]

36.     Robert S. Gitmeid & Associates claimed it could realize savings of 50%. Exhibit 5.

---

1 It seems Robert S. Gitmeid & Associates negotiated a term settlement with One Main Financial in December of 2018.  A payment schedule was created.  The first payment of $124.00 was made at the deadline of 12/31/18.  However, the second payment to One Main Financial of $609.00 was paid **late** on 2/4/19.  Please see Exhibit 2 and Exhibit 4.

5

37. However, Keneka did not realize any savings from the efforts of Robert S. Gitmeid & Associates.[2]

38. In addition to the foregoing, Robert S. Gitmeid & Associates informed Keneka that the law firm may disclose her, "financial and credit information with other companies in the Gitmeid Law family of companies, affiliates, and business partners." Exhibit 7.

39. Robert S. Gitmeid & Associates described itself to Keneka as a law firm with years of experience, but not so long ago Robert S. Gitmeid & Associates rejected its status as a law firm. For example, a former client authorization states, "The Law Offices of Robert S. Gitmeid & Associates is not a law firm and does not and will not provide me with legal advice or representation." Exhibit 8.

40. Robert S. Gitmeid & Associates led Keneka to believe she would receive valuable services from an experienced law firm.

41. Keneka trusted Robert S. Gitmeid & Associates and believed this law firm would provide the promised services.

42. Robert S. Gitmeid & Associates took over $4,000.00 from Keneka, but she did not receive legal services or debt relief.

43. Robert S. Gitmeid and Associates and Robert S. Gitmeid have fiduciary duties to Keneka.

44. Robert S. Gitmeid is the managing member of Robert S. Gitmeid and Associates and provided substantial assistance and encouragement to Robert S. Gitmeid and Associates.

45. Robert S. Gitmeid and Associates and Robert S. Gitmeid breached their duties to Keneka by, among other things, misleading her regarding the promised services and charging her unreasonable fees.

---

[2] One Main Financial filed a proof of claim in Keneka's bankruptcy for $12,913.03.  Exhibit 6

46. The Defendants did not provide Keneka a reasonable equivalent value in exchange for her money.

47. The Defendants intentionally made Keneka believe the debt relief program was a feasible solution to her problem. The Defendants caused Keneka to lose valuable resources, such as the loss of use of funds. The amount of Keneka's debt increased during her "enrollment into the program". The Defendants caused Keneka to suffer from stress, worry, embarrassment and emotional distress.

48. As a result, Keneka filed a chapter 7 bankruptcy petition on March 7, 2019.

49. Keneka listed total unsecured claims of $33,847.00.

## COUNT I.

## TURNOVER OF ESTATE PROPERTY

50. The Trustee incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Section 541 of the Bankruptcy Code defines property of the estate as "all legal or equitable interest of the debtor in property as of the commencement of the case." 11U.S.C. § 541(a)(1). Section 542 of the Bankruptcy Code gives the Trustee the power to seek turnover of all property of Debtor's estate.

52. Prior to filing her petition with the Bankruptcy Court, Keneka hired the Defendants to provide certain services related to her debts.

53. Keneka paid fees and expenses to the Defendants in exchange for certain debt relief and legal services. Keneka paid over $4,000.00 into the debt relief program.

54. The Defendants have collected fees from Keneka but have not adequately provided the promised services.

55. Upon information and belief, the Defendants have engaged in a pattern and practice of violating 11 U.S.C. § 329 and 11 U.S.C. § 526. Therefore, the Trustee respectfully requests that the Defendants be required to turn over pursuant to 11U.S.C. § 542(e): any and all records (whether stored in electronic or hard copy format) related to any and all aspects of the bankruptcy and debt relief programs, including but not limited to, any and all records related to any and all individuals in Mississippi for whom the Defendants performed or agreed to perform any aspect of debt settlement programs.

## COUNT II.

## FRAUDULENT TRANSFERS

56. The Trustee incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. Within two years of the filing of her petition for bankruptcy, Keneka transferred substantial sums of her money to or for the benefit of the Defendants (hereinafter "transfers").

58. Keneka received less than a reasonable equivalent value in exchange for such transfers.

59. Keneka was insolvent on the date of that such transfers were made, became insolvent as a result of such transfers, and/or had unreasonable small capital in relation to her business or her transaction at the time or as a result of the transfers.

60. The Trustee may avoid the fraudulent transfers under 11U.S.C. §§ 544 and 548. The Trustee may recover the transfers for the estate under 11U.S.C. § 550.

## COUNT III.

## ACCOUNTING

61. The Trustee incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. Section 542 of the Bankruptcy Code gives the Trustee the power to seek an accounting.

63. Upon information and belief, the Defendants have engaged in a pattern and practice of violating 11 U.S.C. § 329 and 11 U.S.C. § 526. The precise amount of money due from the Defendants to Keneka is unknown and cannot be ascertained without: (1) knowing the type of services performed, the timing of the services and the charges for said services; and (2) knowing to whom the fees were paid and when money was distributed from Garrison's trust account (3) acquiring any and all records (whether stored in electronic or hard copy format) relating to any and all aspects of the bankruptcy and debt relief programs, including, but not limited to, any and all records relating to any and all individuals in Mississippi for whom the Defendants performed or agreed to perform any aspect of debt relief program.

## COUNT IV.

### 11 U.S.C. § 329

64. The Trustee incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. Prior to filing the chapter 7 bankruptcy petition, Keneka retained the Defendants to assist with her debts.

66. For these services, Keneka paid the Defendants $414.00, and subsequently $564.00, per month.

67. These payments exceed the reasonable value of the services provided to Keneka.

68. These payments were made in contemplation of or in connection with bankruptcy.

69. Pursuant to 11 U.S.C. § 329 and Bankruptcy Rule 2017, the Trustee requests the Court to order the Defendants to return all payments made by Keneka.

## COUNT V.

## 11 U.S.C. § 526

70.    The Trustee incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71.    Keneka desired assistance and advice on how to address her debt situation.

72.    Keneka paid the Defendants $414.00, and subsequently $564.00, per month for said representation.

73.    Robert S. Gitmeid & Associates is a "debt relief agency" as defined by 11 U.S.C.S. § 101(12A).

74.    Robert S. Gitmeid is a "debt relief agency" as defined by 11 U.S.C.S. § 101(12A).

75.    Keneka is an "assisted person" as defined by 11 USC § 101(3).

76.    Keneka sought out the Defendants to avoid bankruptcy. The Defendants convinced Keneka to use their services as an alternative to bankruptcy. Exhibit 9

77.    The Defendants told Keneka to tell her creditors, "I am trying to avoid bankruptcy." Exhibit 9

78.    The Defendants provided information and advice about bankruptcy to Garrison. Exhibit 9

79.    The Defendants provided "bankruptcy assistance" to Keneka as defined by 11USC § 101(4A).

80.    In addition, the Defendants' agreement provides information and advice about bankruptcy.

81.    The Defendants' agreement provides "bankruptcy assistance" to Keneka as defined by 11USC § 101(4A).

82. The Defendants failed to perform the promised services described and thereby violated 11 U.S.C § 526(a)(1).

83. The Defendants misrepresented the services it would provide to Keneka and thereby violated 11 U.S.C § 526(a)(3).

## COUNT VI.

## BREACH OF FIDUCIARY DUTY

84. The Trustee incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. Robert S. Gitmeid & Associates and Robert Gitmeid stood in a fiduciary relationship to Keneka.

86. Robert S. Gitmeid & Associates and Robert Gitmeid had a duty to act for the benefit of Keneka on all matters within the scope of their respective relationships.

87. Robert S. Gitmeid & Associates and Robert Gitmeid owed Keneka the utmost duty of good faith and fair dealing and a duty to put the interests of Keneka before their own interests.

88. Robert S. Gitmeid & Associates and Robert Gitmeid were under a duty to exercise a high standard of care in managing Keneka's financial affairs.

89. Robert S. Gitmeid & Associates and Robert Gitmeid assumed control and responsibility over Keneka's affairs within the context of their relationships.

90. Robert S. Gitmeid & Associates and Robert Gitmeid breached their duties to Keneka by failing to competently and diligently provide services to Keneka.

91. Robert S. Gitmeid & Associates and Robert Gitmeid breached their duties to Keneka by failing to supervise the services promised to Keneka.

92. Robert S. Gitmeid & Associates and Robert Gitmeid breached their duties to Keneka by charging unreasonable fees.

93. Robert S. Gitmeid & Associates and Robert Gitmeid breached their duties to Keneka by placing their own financial interests above the interests of Keneka.

94. Robert S. Gitmeid & Associates and Robert Gitmeid breached their duties to Keneka by sharing fees with non-lawyers.

95. Robert S. Gitmeid & Associates and Robert Gitmeid failed to conduct a feasibility analysis to determine whether Keneka was a good candidate for the Defendants' debt settlement program.

96. Robert S. Gitmeid is not licensed to practice law in Mississippi.

97. Robert S. Gitmeid is the managing member of Robert S. Gitmeid and Associates and provided substantial assistance and encouragement to Robert S. Gitmeid and Associates.

98. The Defendant's breach of fiduciary duties proximately caused harm to Garrison.

## DAMAGES, FEES, AND COSTS

99. The Trustee incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

100. As a direct and proximate result of the actions of the Defendants, the Trustee has been damaged and is entitled to relief as follows:

(a) That this Court order the Defendants to turn over: any and all records (whether stored in electronic or hard copy format) related to any and all aspects of the debt relief programs, including but not limited to, any and all records related to any and all individuals in Mississippi for whom the Defendants performed or agreed to perform any aspect of the debt relief program

(b) That this Court order the Defendants to account for the precise amount of money due from Defendants to Keneka.

(c) That this Court order Defendants to pay actual damages, including economic and non-economic damages, in a sum to be determined by the Court.

(d) Punitive damages in an amount to be determined;

(e) Attorneys' fees and case expenses, including costs of filing suit, as permitted or mandated by statute;

(f) That this Court award pre and post judgment interest;

(g) Such further general or specific relief to which the Trustee is entitled at law or in equity; and

(h)  Any additional relief and damages permitted by the law and/or deemed just and proper by this Court.

(i) In the alternative, the Trustee is entitled to rescission of Keneka's contract with Robert S. Gitmeid & Associates and restitution of approximately $4,000.00, which is the amount paid to Robert S. Gitmeid & Associates by Keneka.

*  *  *  *

Dated:  September 5, 2019.

Respectfully submitted,
/s/ Jason Graeber_____
JASON GRAEBER (MSB# 101267)
2496 PASS ROAD
BILOXI, MISSISSIPPI 39531
TELEPHONE: (228) 207-7117
EMAIL: JASON@JASONGRAEBERLAW.COM

*Counsel for the Trustee, Kimberly R. Lentz*
