_____



SO ORDERED,

**Judge Katharine M. Samson**
United States Bankruptcy Judge
Date Signed: June 9, 2020

The Order of the Court is set forth below. The docket reflects the date entered.
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE: KENEKA M. GARRISON** | **CASE NO. 19-50433-KMS** |
| **DEBTOR** | **CHAPTER 7** |
| **KIMBERLY R. LENTZ,** <br> as Chapter 7 Trustee for the <br> Bankruptcy Estate of <br> Keneka M. Garrison, Debtor | **PLAINTIFF** |
| **V.** | **ADV. PROC. NO. 19-06037-KMS** |
| **THE LAW OFFICES OF <br> ROBERT S. GITMEID & <br> ASSOCIATES PLLC and <br> ROBERT S. GITMEID** | **DEFENDANTS** |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
<u>RECOMMENDING DISMISSAL</u>**

This matter came on for hearing on the Motion to Dismiss Amended Complaint, ECF No. 29, by defendant Robert S. Gitmeid, with Response in opposition, ECF No. 31, by plaintiff Kimberly R. Lentz, chapter 7 trustee in the underlying bankruptcy case ("Trustee"). Robert is a New York attorney and the managing member of defendant Law Offices of Robert S. Gitmeid & Associates PLLC. The Trustee has sued Robert and Gitmeid & Associates under several theories, all based on debtor Keneka M. Garrison's prepetition participation in Gitmeid & Associates' debt

relief program ("Program"). Robert moves for dismissal of all counts, arguing that the amended complaint ("Complaint") fails to state a claim upon which relief can be granted against him individually. *See* Fed. R. Civ. P. 12(b)(6) (made applicable by Fed. R. Bankr. P. 7012).

The Complaint includes five counts that are core under, variously, 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O); and one count that is non-core. Robert does not consent to entry of final orders on non-core claims. Mot. ¶ 36, ECF No. 29 at 19. Consequently, the Court submits proposed findings of fact and conclusions of law to the district court, recommending dismissal of all counts as to Robert. *See* 28 U.S.C. § 157(c)(1). The Court also recommends that the dismissal be without prejudice, on the chance that discovery brings to light facts sufficient to state a claim against Robert.

## THE COMPLAINT

The Complaint pleads the following counts:

- I - Turnover of Estate Property under 11 U.S.C. § 542(e), in which the Trustee seeks turnover by "Defendants" of "any and all records . . . related to any and all aspects of the bankruptcy and debt relief programs." Compl. ¶¶ 55-60.

- II - Avoidance of Fraudulent Transfers under 11 U.S.C. §§ 544, 548, and 550 as to "Defendants." *Id.* ¶¶ 61-65.

- III - Accounting under 11 U.S.C. § 542 as to "Defendants." *Id.* ¶¶ 66-68.

- IV - Return of all payments under 11 U.S.C. § 329 (Debtor's transaction with attorneys) as to Gitmeid & Associates. *Id.* ¶¶ 69-74.

- V - Violation of 11 U.S.C. § 526 (restrictions on debt relief agencies) as to Gitmeid & Associates. *Id.* ¶¶ 75-87.

- VI - Breach of Fiduciary Duty, delineated as breach by Gitmeid & Associates, *id.* ¶¶ 88-99, aided and abetted by Robert, *id.* ¶¶ 100-101.

## THE STANDARD UNDER RULE 12(b)(6)

To defeat dismissal under Rule 12(b)(6), the plaintiff must plead enough facts to state a claim that is "plausible on its face." *Hale v. King*, 642 F.3d 492, 498-99 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim that is facially plausible supports a reasonable inference that the defendant is liable for the alleged misconduct, not merely the inference that the defendant might have engaged in misconduct. *Id.* at 499 (citing 556 U.S. at 678-79).

The court accepts as true all well-pleaded facts and construes them in favor of the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). Facts must be specific; "[c]onclusory allegations and unwarranted deductions of fact" are not taken as true. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). Neither are "allegations stated upon information and belief that do not contain any factual support." *Lycoming Engines v. Superior Air Parts, Inc. (In re Superior Air Parts, Inc.)*, 486 B.R. 728, 741 (Bankr. N.D. Tex. 2012); *see also Howard v. ABN AMRO Mortg. Grp., Inc.*, No. 1:13CV543-KS-MTP, 2014 WL 1237317, at *3 (S.D. Miss. Mar. 26, 2014) ("Plaintiff's 'speculative' belief that a contract exists . . . is not well taken.").

"The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). If an allegation in the complaint conflicts with the contents of an attached document,

the document controls. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

## FACTS ACCEPTED AS TRUE

The following facts are accepted as true:

Gitmeid & Associates is a New York professional limited liability company (PLLC). Compl. ¶ 6, ECF No. 22. Robert is the managing attorney. *Id.* ¶ 7. During the time of the events alleged in the Complaint, he managed Gitmeid & Associates and directed its business affairs. *Id.* ¶ 12.

In March 2018, Keneka Garrison was struggling with debt but did not want to file for bankruptcy. *Id.* ¶ 20. Garrison and her husband saw an advertisement on the Internet for debt relief. *Id.* ¶ 21. Her husband called the phone number and talked with a representative, who told the couple that the Program would resolve Garrison's debts and improve her credit score. *Id.* Based on these representations, Garrison enrolled in the Program and shortly thereafter received a client success kit from Gitmeid and Associates. *Id.* ¶¶ 23-24.

The kit included a letter addressed to Garrison and signed "Robert S. Gitmeid, Esq. Managing Member," with the heading, "Welcome to the Law Offices of Robert S. Gitmeid & Assoc., PLLC." *Id.* ¶ 29; Ex. 1, ECF No. 22 at 17. In the letter, Gitmeid & Associates stated, "Over the years, our law firm has earned the confidence of our clients by breaking through the challenges posed by creditors and acquiring measured success." Compl. ¶ 27; Ex. 1, ECF No. 22 at 17. Gitmeid and Associates further stated, "We look forward to being your guide as we navigate around the legal obstacles presented by your creditors and steer you back to the tranquil waters of financial stability and peace of mind." Compl. ¶ 28; Ex. 1, ECF No. 22 at 17.

Gitmeid & Associates also:

- "purported to provide [Garrison] legal services and debt relief services," Compl. ¶ 30.

- "convinced [Garrison] to place $414 each month into a savings account. This account accumulated [Garrison's] monthly payments and allowed Robert S. Gitmeid & Associates to deduct its fees." *Id.* ¶ 31.

- "led [Garrison] to believe she would receive valuable services from an experienced law firm," *id.* ¶ 45.

- "claimed it could realize savings of 50% [on their debt before fees in 24 to 48 months]," *id.* ¶ 41; Ex. 5, ECF No. 22 at 29.

On March 7, 2019, Garrison filed her chapter 7 bankruptcy case. Compl. ¶ 53. Over the year that Garrison participated in the Program, Gitmeid & Associates did not realize any savings for her. Compl. ¶ 42; Ex. 6, ECF No. 22 at 30-34 (proof of claim for $12,913.03 by OneMain Financial Group LLC).

The following facts are not accepted as true:

- Allegations against "Defendants," which are unsupported by any facts as to Robert. *See, e.g.*, Compl. ¶¶ 51-52, 62, 68.

- Allegations stated "upon information and belief," for example, that Robert received part of the fees Garrison paid Gitmeid & Associates, Compl. ¶ 14. *See In re Superior Air Parts, Inc.*, 486 B.R. at 741.

- Conclusory allegations, for example in paragraph 7 ("Robert S. Gitmeid, acting in concert with Robert S. Gitmeid and Associates, established, directed, and/or ratified the unfair and deceptive business practices of Robert S. Gitmeid and Associates

5

alleged in this Amended Complaint."), paragraph 13 ("In his capacity as the managing member of Robert S. Gitmeid & Associates, Robert S. Gitmeid instigated, participated in and with knowledge, approved of the wrongful conduct of Robert S. Gitmeid & Associates alleged in this Amended Complaint."), and paragraph 15 ("Robert S. Gitmeid is in possession of money or property which in good conscience and justice he should not retain."). *See Howard*, 2014 WL 1237317, at *3 ("'naked assertion[s] of' wrongdoing devoid of 'further factual enhancement'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007))).

## CONCLUSIONS OF LAW

The first question is choice of law. "A choice of law inquiry traditionally occurs as a two step process. First, the [c]ourt must determine whether federal or state choice of law rules govern. Second . . . it must apply these rules to the facts of the case to determine the appropriate substantive laws." *Tow v. Rafizadeh (In re Cyrus II P'ship)*, 413 B.R. 609, 613 (Bankr. S.D. Tex. 2008). But here, because Gitmeid & Associates is a PLLC organized under the laws of New York, even under Mississippi law, New York law governs. *See* Miss. Code Ann. § 79-29-1001(1) ("the laws of the state . . . under which a foreign limited liability company is organized govern . . . the liability of its members").

In New York, as in Mississippi, membership in or management of a PLLC, without more, does not support an action against the member individually. N.Y. Ltd. Liab. Co. Law § 609(a); *Turane v. MGN, LLC*, 97 N.Y.S.3d 168, 169 (N.Y. App. Div. 2019); *see also* N.Y. Ltd. Liab. Co. Law § 1213 (making LLC statutes applicable to PLLCs); *accord* Miss. Code Ann. § 79-29-311(1), -901 (making LLC statutes applicable to PLLCs). The PLLC does not, however, shield members or managers from liability "for any negligent or wrongful act or misconduct committed by him or

6

her or by any person under his or her direct supervision and control while rendering professional services on behalf of [the PLLC]." N.Y. Ltd. Liab. Co. Law § 1205(a). Under New York law, Robert as merely the managing member of Gitmeid & Associates cannot be held individually liable for any negligent or wrongful act or misconduct toward Garrison—although Robert could be individually liable if he himself or someone he directly supervised or controlled engaged in such actions.

The Trustee pleaded no facts from which Robert's liability could be reasonably inferred under any count of the Complaint. The Complaint alleged no negligent or wrongful acts or misconduct by Robert himself. The Complaint did not even plausibly allege any contact between Robert and Garrison. Apparently referring to the letter in the client success kit, the Trustee argues that Robert "communicated directly" with Garrison. Resp., ECF No. 31 at 10. But the letter is not an engagement letter. *See* N.Y. Comp. Codes R. & Regs. tit. 22, § 1215.1(b) (requiring that engagement letter explain scope of legal services to be provided and attorney's fees to be charged). And the letter on its face shows that Robert signed it, not in his individual capacity, but as "Managing Member" of Gitmeid & Associates. *See* ECF No. 22 at 17. Finally, the Complaint itself attributed the contents of the letter to Gitmeid & Associates. *See* Compl. ¶¶ 27, 28 ("Robert S. Gitmeid & Associates claims . . . . Robert S. Gitmeid & Associates then stated . . . ."). The Complaint also did not allege any facts showing that Robert directly supervised or controlled any other individual who engaged in any negligent or wrongful act or misconduct toward Garrison or that Robert was even involved in Garrison's representation.

Specifically as to Robert's aiding and abetting Gitmeid & Associates' alleged breach of fiduciary duty, the Complaint did not sufficiently plead Robert's knowing participation. "A claim for aiding and abetting a breach of fiduciary duty requires: (1) a breach by a fiduciary of obligations

7

to another, (2) *that the defendant knowingly induced or participated in the breach*, and (3) that plaintiff suffered damage as a result of the breach." *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 169 (N.Y. App. Div. 2003) (emphasis added). "A person knowingly participates in a breach of fiduciary duty only when he or she provides 'substantial assistance' to the primary violator. . . . . Substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur." *Id.* at 170.

Assuming for the purposes of the Motion that the Complaint adequately alleged that Gitmeid & Associates owed a fiduciary duty to Garrison and breached that duty, the Complaint did not allege facts showing that Robert affirmatively assisted or helped conceal the breach. The Complaint alleged only that Robert knew the ways Gitmeid & Associates had breached its fiduciary duty, Compl. ¶ 101(a), and also knew various facts that the Trustee, citing no authority, seemed to suggest were aspects of the alleged breach: that "fewer than 10 percent of consumers successfully complete debt settlement programs," *id.*; that Garrison's funds were held in a savings account provided by a company that charged Garrison fees instead of in an attorney trust fund account that Gitmeid & Associates could have provided her for free, *id.* ¶ 101(b); and that Gitmeid & Associates shared or sold Garrison's data as disclosed in its privacy policy, *id.* ¶ 101(c) (citing Compl. Ex. 7).

Even if Robert knew these facts and even if they evidenced a breach of fiduciary duty, Robert was not required to act. "[T]he mere inaction of an alleged aider and abettor constitutes substantial assistance *only if the defendant owes a fiduciary duty directly to the plaintiff*." *Kaufman*, 760 N.Y.S.2d at 170 (emphasis added). Because the Complaint alleged no facts showing that Robert owed a fiduciary duty to Garrison, his inaction would not constitute substantial assistance, and the element of knowing participation is not satisfied.

## CONCLUSION

As to Robert S. Gitmeid, the Complaint fails to state a claim upon which relief can be granted. Consequently, the Court recommends that the Motion be **GRANTED** without prejudice.

*##END##*